UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SARAH CATHERINE SPAULDING,<br>Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil No. 24-12382-LTS |
| DEPARTMENT OF JUSTICE OF<br>MASS, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>) |  |

ORDER
January 8, 2025

SOROKIN, J.

By Memorandum and Order dated December 9, 2024, the Court granted Plaintiff Sarah Catherine Spaulding's motion for leave to proceed *in forma pauperis*. Doc. No. 4. Plaintiff was advised that if she wishes to proceed with this action, she must file an amended complaint that sets forth a basis for this Court's jurisdiction and a plausible claim upon which relief may be granted. *Id.* Plaintiff was advised that failure to comply within twenty-one days would result in dismissal of this action. Rather than file an amended complaint, plaintiff filed a motion to appoint counsel, Doc. No. 6, and a Motion for Disqualification. Doc. No. 7.

By federal statute, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where the judge has a personal bias or prejudice against a party. 28 U.S.C. § 455(a); 28 U.S.C. § 144. This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice since doing so "would provide litigants with a veto against unwanted judges." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the

1

objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981).

Here, Plaintiff contends, among other things, that she is concerned that the undersigned is involved in a conspiracy to obstruct justice and that the conspiracy involves other judicial officers, sitting senators and others.  To the extent Plaintiff is dissatisfied with the Court's rulings in this or other cases, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  The Court concludes that an objective, knowledgeable person would not find from these facts a reasonable basis for doubting the judge's impartiality in this proceeding under the relevant, legal standards.  Thus, the Motion to Recuse is DENIED.

Next, Plaintiff requests the Court appoint her counsel.  After due consideration, this request is DENIED.

Finally, Plaintiff failed to file an amended complaint in this action.  The time to do so has expired, and Plaintiff has not sought an extension in the deadline.  Because of this failure, this action will be dismissed without prejudice.

For the reasons set forth above,

1.      The Motion to Appoint Counsel is denied.

2.      The Motion for Disqualification is denied.

3. This action is dismissed without prejudice.

               SO ORDERED.

                /s/ Leo T. Sorokin
               Leo T. Sorokin
               United States District Judge